UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Jackie Logan, | ) C/A No. 6:09-2411-HFF-WMC |
|---|---|
| Plaintiff, | ) |
| vs. | ) |
| Mark A. Keel, Director South Carolina Highway Patrol; Henry McMaster, Attorney General, | ) **Report and Recommendation** |
| Defendants. | ) |

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed

*sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007)*; Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## **Background**

Plaintiff's complaint states that a man, named Alex R. Paul, was killed in a car accident on March 26, 2009. Plaintiff claims Mr. Paul "was a black male riding with a white female and the driver of the car. The other driver was white of the other vehicle." Plaintiff states "no one has been charged with this death of Paul." Plaintiff alleges the Defendants' failure to charge anyone in connection with Mr. Paul's death constitutes racial discrimination. Plaintiff seeks monetary damages, and criminal charges against the South Carolina Highway Patrol.

**Discussion**

Plaintiff alleges that the Defendants' actions constitute racial discrimination. Therefore, the instant claim has been construed as a civil rights action. However, Plaintiff cannot bring this suit to defend Alex Paul's rights. Under Supreme Court doctrine:

> In the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties. This fundamental restriction on our authority admits of certain, limited exceptions. We have recognized the right of litigants to bring actions on behalf of third parties, provided three important criteria are satisfied: The litigant must have suffered an "injury in fact," thus giving him or her a "sufficiently concrete interest" in the outcome of the issue in dispute; the litigant must have a close relation to the third party; and there must exist some hindrance to the third party's ability to protect his or her own interests.

*Powers v. Ohio*, 499 U.S. 400, 410-11 (1991) (citations omitted). *See also Frelich v. Upper Chesapeake Health, Inc.*, 313 F.3d 205, 215 (4th Cir. 2002). In the present action, Plaintiff fails to set forth a "close relationship" to Alex Paul or provide any information to indicate that Plaintiff has suffered any personal injury as a result of the Defendants' actions. As Plaintiff provides insufficient facts to invoke third party standing, he cannot properly bring this action based on harm to Mr. Paul's rights and the case is subject to summary dismissal.

Plaintiff also complains the Defendants have engaged in "criminal wrongdoing," and asks the Court to "charge (criminally) after an investigation all the S.C. Hwy Patrols." However, Plaintiff cannot have this Court prosecute criminal charges against the Defendants as "[n]o citizen has an enforceable right to institute a criminal prosecution." *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) (citing *Linda R. v. Richard V.*, 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially

cognizable interest in the prosecution or nonprosecution of another")). Further, prosecutorial discretion does not reside in the judicial branch; the decision whether or not to prosecute, and what charge to file or bring, generally rests within the prosecutor's discretion. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). *See also U.S. v. Derrick*, 163 F.3d 799, 825 (4th Cir. 1998)("[a] judge in our system does not have the authority to tell prosecutors which crimes to prosecute or when to prosecute them")(quoting *United States v. Giannattasio*, 979 F.2d 98, 100 (7th Cir. 1992)). Thus, Plaintiff lacks the right to institute, and the Court lacks the authority to initiate, criminal charges against the Defendants.

### **Recommendation**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

                                                    s/William M. Catoe
                                                    United States Magistrate Judge

September 18, 2009
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).